E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07149-S4**
**9/30/2021 12:48 PM**
**TIANA P. GARNER, CLERK**

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| KASZIA HOOD, | ) | CIVIL ACTION NO.: |
| | ) | |
| Plaintiff, | ) | **21-C-07149-S4** |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TRAVEON DEONTE TAYLOR, | ) | |
| KNIGHT TRANSPORTATION, INC., | ) | |
| TRANSTAR INSURANCE BROKERS, INC., and | ) | |
| JOHN DOE CORPORATIONS 1-3 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff, KASZIA HOOD by and through the undersigned counsel of record, in the above-styled action, files this her COMPLAINT FOR DAMAGES against Defendants, TRAVEON DEONTE TAYLOR (hereinafter "Defendant Traveon"), KNIGHT TRANSPORTATION, INC. (hereinafter "Defendant Knight") and TRANSTAR INSURANCE BROKERS, INC. (hereinafter "Defendant Transtar"), and shows this Court the following:

**PARTIES, JURISDICTION AND VENUE**

1.

Plaintiff is a resident of Georgia and is, therefore, subject to the jurisdiction of this Court.

2.

Defendant Traveon is the driver of the tractor trailer involved in the subject collision and is a resident of the State of Michigan, whose last known address is 3390 Saxton Drive, Saginaw, Saginaw County, Michigan 48603. Defendant may be served at that address.

Copy from re:SearchGA

3.

Defendant Knight is a foreign profit corporation authorized to do business in the State of Georgia with its principal place of business located at 20002 North 19th Avenue, Phoenix, AZ 85027. Defendant Knight is subject to the jurisdiction of this Court and may be served by issuing Summons and a second original of this Complaint to their registered agent C T Corporation System, at the principal place of business located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

4.

Defendant Transtar is a foreign profit corporation authorized to do business in the State of Georgia with its principal place of business located at 5450 East High Street, Suite 230, Phoenix, Arizona 85054.  Defendant Transtar is subject to the jurisdiction of this Court and may be served by issuing Summons and a second original of this Complaint to their registered agent Corporation Service Company at the principal place of business located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

5.

The true names or capacities of the Defendants named herein as John Doe Corporations 1-3 are unknown to the Plaintiff. Therefore, Plaintiff sues these Defendants by their fictitious names. Plaintiff will amend the Complaint to show the true names of these Defendants when their names have been ascertained.

5.

Defendants Traveon, Knight, Transtar, and John Doe Corporations 1-3 are joint tortfeasors and as such, venue as to all Defendants is proper in Gwinnett County, Georgia.

Copy from re:SearchGA

6.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 9-10-91 and O.C.G.A. § 9-10-93.

7.

Removal of this case to federal court is not appropriate. See, e.g., *Hambrick v. Wal-Mart Stores East, (2014) WL 1921341; Poll v. Deli Mmgt. Inc.,* No. 1:07-CV-0959-RWS, 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007); *Stalvey v. Wal-Mart Stores East,* No. 510-CV-00206, 2010 WL4332439 (M.D. Ga. June 22, 2012); *Ott v. Wal-Mart Stores,* No. 5:09-CV-00215, 2010 U.S. Dist. LEXIS 13072 (M.D. Ga. Feb. 16, 2010); *Stephens v. Wal-Mart Stores East,* No. 5:09-cv-325, 2010 U.S. Dist. LEXIS 35506 (M.D. Ga. Apr. 12, 2012); *Mobley v. Wal-Mart Stores Inc.,* No. 2:09-cv-3019, 2010 U.S. Dist. LEXIS 10783 (D.S.C. Feb 8, 2010); *Mack v. Wal-Mart Stores Inc.*, No. 1:07-cv-3105-RBH, 2007 U.S. Dist. LEXIS 79646 (D.S.C. Oct. 26, 2007). Inappropriate removals to federal court are subject to an award of fees. 28 U.S.C. §1447(c). An award of fees is appropriate when the removing party lacks an objectively reasonable basis for seeking removal. In this situation, an award of fees does not require a showing of bad faith. *Poll,* 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007).

## **FACTS**

8.

Plaintiff hereby repeats and incorporates Paragraphs 1 through 7 of this Complaint, as if fully restated hereinafter.

Copy from re:SearchGA

9.

On or about November 19, 2019, Plaintiff KASZIA HOOD was traveling northbound on the Interstate 285 Expressway ramp at or near its intersection with Martin Luther King Jr. Drive in Fulton County, Georgia.

10.

On or about the same date, Defendant Traveon was traveling westbound on Martin Luther King Jr. Drive at or near its intersection with the Interstate 285 Expressway ramp in Fulton County, Georgia.

11.

Plaintiff KASZIA HOOD was traveling northbound on the Interstate 285 Expressway ramp at or near its intersection with Martin Luther King Jr. Drive in Fulton County, Georgia when Defendant Traveon negligently, recklessly, carelessly and unlawfully operated said truck so as to collide with Plaintiff's vehicle.

12.

Defendant Traveon was found to be at fault.

13.

The negligent operation of the tractor trailer Defendant Traveon was driving was the sole and proximate cause of the collision, which is the subject of this action.

14.

As a result of the subject collision, Plaintiff suffered bodily injuries.

15.

As a result of the injuries sustained, Plaintiff had to seek medical treatment.

Copy from re:SearchGA

16.

At all times relevant, Plaintiff exercised due care for her own safety.

## COUNT I – NEGLIGENCE

17.

Plaintiff repeats and incorporates Paragraphs 1 through 16, as if fully restated hereinafter.

18.

Defendant Traveon owed a duty of care to the motoring public in general and to Plaintiff in particular, to operate his vehicle in a reasonable and prudent manner and to adhere to the *Georgia Uniform Rules of the Road*.

19.

Defendant Traveon owed a duty to exercise ordinary care with regard to other drivers on the highway. Specifically, Defendant Traveon was under a duty to keep a proper lookout for potential hazards and maintain a diligent lookout.

20.

Defendant Traveon breached his duty of care by failing to obey traffic control devices.

21.

There was absolutely no negligence on the part of Plaintiff.

## COUNT II- NEGLIGENCE PER SE

22.

Plaintiff hereby re-alleges and incorporates Paragraphs 1 through 21 of this Complaint, as if fully restated hereinafter.

Copy from re:SearchGA

23.

Defendant Traveon was negligent in the following particulars, all of which contributed to the injuries sustained by Plaintiff:

(a)    In failing to make reasonable and proper observations while driving Defendant's vehicle or, if reasonable and proper observations was made, failing to act thereon;

(b)    In failing to obey traffic control devices in violation of O.C.G.A. § 40-6-20;

(c)    In failing to make timely and proper application of Defendant's brakes, in violation of O.C.G.A. § 40-6-241;

(d)    In failing to observe or undertake the necessary precautions to keep Defendant's vehicle from colliding with the Plaintiff's vehicle, in violation of O.C.G.A § 40-6-390;

(e)    In driving Defendant's vehicle without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity, in violation of O.C.G.A. § 40-6-241;

(f)    In driving Defendant's vehicle in reckless disregard for the safety of persons and/or property, in violation of O.C.G.A. § 40-6-390; and

(g)    In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

24.

Defendant's negligent acts are a violation of *Georgia Uniform Rules of the Road* and therefore constitute negligence as a matter of law or *negligence per se.*

Copy from re:SearchGA

## COUNT III – IMPUTABLE NEGLIGENCE

25.

Plaintiff re-alleges and incorporates Paragraphs 1 through 24 of this Complaint, as if fully restated hereinafter.

26.

At the time of the collision, Defendant Traveon was an employee and agent of Defendant Knight and Defendant was driving a tractor trailer withing the course and scope of his employment with Defendant Knight.

27.

Defendant Knight is liable for the acts and omissions of Defendant Traveon as Defendant Knight agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

28.

Defendant Knight owed a legal duty to check driver information of Defendant Traveon, which would have been revealed by a proper driver qualification.

29.

Defendant Knight was negligent in hiring Defendant Traveon and entrusting him to drive its commercial motor vehicle.

30.

Defendant Knight owed a duty to exercise ordinary care in the selection of its employees and not retain them after knowledge of any incompetence, pursuant to O.C.G.A. § 34-7-20.

Page **7** of 14

Copy from re:SearchGA

31.

Defendant Knight knew or should have known of Defendant Traveon's propensity to engage in the conduct which caused Plaintiff' injuries.

32.

Defendant Knight owed a duty to exercise ordinary care not to hire or retain an employee it knows or should have known poses a risk of harm to others.

33.

It was reasonably foreseeable that Defendant Traveon's tendencies or propensities could cause the type of harm sustained by Plaintiff.

34.

Defendant Knight knew of should have known Defendant Traveon could cause the type of harm sustained by Plaintiff.

35.

Defendant Knight owed a legal duty to check a driver's record for any serious violations.

36.

Defendant Knight was negligent in failing to properly evaluate the driving capabilities of Defendant Traveon before he was hired.

37.

Defendant Knight was negligent in failing to conduct an extensive review of the driver's record of Defendant Traveon before he was hired.

38.

Defendant Knight was negligent in failing to properly train and supervise Defendant Traveon.

Copy from re:SearchGA

39.

Defendant Knight was negligent in failing to enforce company policies, procedures, and rules for the protection of the public, including Plaintiff.

40.

Defendant Knight was negligent in failing to monitor Defendant Traveon's driving while he was employed.

41.

Defendant Knight owed a statutory duty to keep its vehicle in good working order, pursuant to O.C.G.A. § 40-8-50(a).

42.

Defendant Knight was negligent in failing to properly service the 2012 Freightliner that Defendant Traveon was operating at the time of the collision.

43.

The negligence of Defendant Knight proximately caused Plaintiff's injuries.

44.

Defendant Knight is liable for the injuries sustained by Plaintiff.

## **COUNT IV- DIRECT ACTION**

45.

Plaintiff hereby re-alleges and incorporates Paragraphs 1 through 44 of this Complaint, as if fully restated hereinafter.

Copy from re:SearchGA

46.

Defendant Transtar was the insurer of Defendant Knight at the time of the collision and provided liability insurance that affords coverage on behalf of Defendants, TRAVEON DEONTE TAYLOR, and KNIGHT TRANSPORTATION, INC.

47.

Defendant Transtar issued a liability policy to Defendant Knight, that being Policy Number MC-227271. Said policy was in effect on November 19, 2019.

48.

Defendant Transtar is subject to a direct action as the insurer for Defendant Knight, pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140.

49.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Transtar is liable to Plaintiff and responsible for payment of damages incurred by and occasioned upon the Plaintiff as a result of the negligent acts and omissions of Defendant Knight and/or Defendant Traveon.

## COUNT IV- PUNITIVE DAMAGES

50.

Plaintiff hereby re-allege and incorporates Paragraphs 1 through 49 of this Complaint, as if fully restated hereinafter.

51.

The conduct of Defendant Knight warrants imposition of punitive damages, based on its independent wrongdoing in hiring, retaining, supervision, and training Defendant Traveon.

Copy from re:SearchGA

52.

The actions of Defendant Knight showed a willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, pursuant to O.C.G.A. § 51-12-5.1.

53.

Plaintiff is entitled to recover punitive damages without limitation or cap, in an amount to be determined by the enlightened conscience of an impartial jury at trial.

54.

Defendant Knight has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense. Thus, Plaintiff are entitled to recover necessary expenses of litigation, including an award of reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## COUNT III – DAMAGES

55.

Plaintiff re-alleges and incorporates Paragraphs 1 through 54 of this Complaint, as if fully restated hereinafter.

56.

As a direct and proximate result of injuries sustained, Plaintiff had to seek medical treatment.

57.

As a direct and proximate result of seeking medical treatment, Plaintiff KASZIA HOOD incurred medical expenses in the amount of $374,522.68 for the care of the injuries sustained in the subject collision.

Copy from re:SearchGA

58.

As a direct and proximate result of the persistent injuries sustained, Plaintiff KASZIA HOOD may continue to incur medical expenses for an indefinite period of time.

59.

As a direct and proximate result of seeking medical treatment, Plaintiff KASZIA HOOD lost wages in an amount to be determined through discovery and this Complaint be amended accordingly.

60.

As a direct and proximate result of seeking medical treatment, Plaintiff KASZIA HOOD incurred travel expenses, in the form of mileage reimbursement, in an amount to be determined by the enlightened conscience of an impartial jury at trial.

61.

As a direct and proximate result of the injuries sustained, Plaintiff KASZIA HOOD has endured pain and suffering in an amount to be determined by the enlightened conscience of an impartial jury at trial.

62.

As a direct and proximate result of the pain and suffering, Plaintiff KASZIA HOOD may have endured mental anguish and emotional distress, to be determined through discovery and this Complaint be amended accordingly.

63.

As a direct and proximate result of the pain and suffering, Plaintiff KASZIA HOOD has suffered loss of enjoyment of life, in an amount to be determined by the enlightened conscience of an impartial jury at trial.

Copy from re:SearchGA

64.

Both the collision and the injuries sustained by Plaintiff KASZIA HOOD were the direct and proximate result of the negligent acts of Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment in favor of Plaintiff and against Defendants as follows:

(a)   Plaintiff KASZIA HOOD be awarded special damages for past and present medical expenses, in the amount of $374,522.68;

(b)   Plaintiff be awarded special damages for loss of wages, in an amount to be determined through discovery;

(c)   Plaintiff be awarded general damages for future medical expenses, travel expenses, physical and mental pain and suffering, and loss of enjoyment of life, to be determined at trial;

(d)   Plaintiff be awarded punitive damages, to be determined at trial;

(e)   Plaintiff be awarded litigation expenses, including court costs and attorney's fees; and

(f)   Plaintiff be awarded such other and further relief as this Court deems just and proper.

(Date and signature on next page.)

Copy from re:SearchGA

This 30th day of September, 2021.

SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA  30339
Telephone: (404) 420-5791
Facsimile: (678) 213-1058
Email: djsaxton@saxtonfirm.com
        dgrant@saxtonfirm.com

**SAXTON FIRM, P.C.**

*Daniel J. Saxton*

Daniel J. Saxton, Esq.
Georgia Bar No.: 628075
Donte B. Grant, Esq.
Georgia Bar No.: 686242
*Attorneys for Plaintiff*

Copy from re:SearchGA

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07149-S4**
9/30/2021 12:48 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**KASZIA HOOD**

CIVIL ACTION    **21-C-07149-S4**
NUMBER:_____

PLAINTIFF

VS.

**KNIGHT TRANSPORTATION, INC.**

**289 S. Culver Street**

Lawrenceville, Gwinnett County, Georgia 30046

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Daniel J. Saxton, Esq.
SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA  30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____**30TH**____ day of ____**SEPTEMBER**_____, 20__**21**__.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

Copy from re:SearchGA

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07149-S4**
**9/30/2021 12:48 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**KASZIA HOOD**

_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER:

**21-C-07149-S4**
_____

VS.

**TRANSTAR INSURANCE BROKERS, INC.**

**2 Sun Court, Suite 400**

Peachtree Corners, Gwinnett County, Georgia 30092

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Daniel J. Saxton, Esq.
SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA  30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____30TH____ day of ____SEPTEMBER____, 20__21__.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

Copy from re:SearchGA

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07149-S4**
9/30/2021 12:48 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**KASZIA HOOD**

CIVIL ACTION **21-C-07149-S4**
NUMBER:_____

PLAINTIFF

VS.

**TRAVEON DEONTE TAYLOR**

**3390 Saxton Drive**

**Saginaw, Saginaw County, Michigan 48603**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Daniel J. Saxton, Esq.
SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA  30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**30TH**_____ day of ___**SEPTEMBER**___, 20__**21**__.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

Copy from re:SearchGA

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07149-S4**
**9/30/2021 12:48 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

KASZIA HOOD,                                    )        CIVIL ACTION NO.:
                                                )
    Plaintiff,                  )        **21-C-07149-S4**
                                                )
v.                                              )
                                                )
TRAVEON DEONTE TAYLOR,                          )
KNIGHT TRANSPORTATION, INC.,                    )
TRANSTAR INSURANCE BROKERS, INC., and           )
JOHN DOE CORPORATIONS 1-3                       )
                                                )
    Defendants.                 )

## RULE 5.2 CERTIFICATE OF SERVING DISCOVERY MATERIAL

COMES NOW, Plaintiff and pursuant to the local rules of court hereby certifies that a

true and correct copy of the following documents has been delivered for service with the

summons upon Defendants via hand delivery:

1.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO EACH DEFENDANT; and

2.    PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR

    PRODUCTION OF DOCUMENTS TO EACH DEFENDANT.

This 30th day of September, 2021.

SAXTON FIRM, P.C.                               SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA 30339                               *Daniel J. Saxton*
Telephone: (404) 420-5791                       _____
Facsimile: (678) 213-1058                       Daniel J. Saxton, Esq.
Email: djsaxton@saxtonfirm.com                  Georgia Bar No.: 628075
      dgrant@saxtonfirm.com                Donte B. Grant, Esq.
                                                Georgia Bar No.: 686242
                                                *Attorneys for Plaintiff*

Copy from re:SearchGA

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served a copy of the within and foregoing CERTIFICATE OF SERVING DISCOVERY MATERIAL was delivered for service attached to the summons and complaint upon Defendants via hand delivery.

Traveon Deonte Taylor
3390 Saxton Drive
Saginaw, Saginaw County, Michigan 48603

Knight Transportation, Inc.
c/o C T Corporation
289 S. Culver Street
Lawrenceville, Gwinnett County, Georgia 30046

Transtar Insurance Brokers, Inc.
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Gwinnett County, Georgia 30092

This 30th day of September, 2021.

SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA 30339
Telephone: (404) 420-5791
Facsimile: (678) 213-1058
Email: djsaxton@saxtonfirm.com
           dgrant@saxtonfirm.com

SAXTON FIRM, P.C.

*Daniel J. Saxton*

Daniel J. Saxton, Esq.
Georgia Bar No.: 628075
Donte B. Grant, Esq.
Georgia Bar No.: 686242
*Attorneys for Plaintiff*

Copy from re:SearchGA

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07149-S4**
**10/6/2021 8:27 AM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

**State of Georgia**  **County of GWINNETT**  **State Court**

Case Number: 21-C-07149-S4

Plaintiff:
**KASZIA HOOD,**

vs.

Defendant:
**TRAVEON DEONTE TAYLOR, KNIGHT TRANSPORTATION, INC., TRANSTAR
INSURANCE BROKERS; and JOHN DOE CORPORATIONS 1-3,**

For:
DANIEL SAXTON
SAXTON FIRM, P.C.

Received by Discrete Professional Services L. L. C. on the 1st day of October, 2021 at 8:18 am to be served on
**KNIGHT TRANSPORTATION, INC. c/o REGISTERED AGENT: CT CORPORATION SYSTEM, 289 S CULVER ST,
LAWRENCEVILLE, GA 30046.**

I, MUHSIN S. HASSAN, being duly sworn, depose and say that on the **4th day of October, 2021** at **10:50 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS and COMPLAINT FOR DAMAGES and
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT KNIGHT TRANSPORTATION, INC. and
PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT KNIGHT TRANSPORTATION, INC and RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY
MATERIALS, CERTIFICATE OF SERVICE** to: **Jane Richardson** for The REGISTERED AGENT, at the address of:
**289 S CULVER ST, LAWRENCEVILLE, GA 30046** on behalf of **KNIGHT TRANSPORTATION, INC.**, and informed
said person of the contents therein, in compliance with state statutes.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit. I have personal
knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral
turpitude in any state or federal jurisdiction.

**MUHSIN S. HASSAN**

Subscribed and Sworn to before me on this
4 TH day of OCTOBER , 20 21 , by the
affiant who is personally known to me or has show
acceptable identification.

NOTARY PUBLIC

**Discrete Professional Services L. L. C.**
**P.O. Box 451081**
**Atlanta, GA 31145**
**(470) 454-3107**

Our Job Serial Number: DIS-2021001015
Ref: HOOD v. TAYLOR, et.al.

*ERNESTINE BELL*
*MY COMMISSION EXPIRES*
*NOTARY*
*PUBLIC*
*CLAYTON COUNTY, GEORGIA*
*JANUARY 1, 2022*

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c

Copy from re:SearchGA

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07149-S4**
**10/6/2021 8:27 AM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Georgia** | **County of GWINNETT** | **State Court** |

Case Number: 21-C-07149-S4

Plaintiff:
**KASZIA HOOD,**

vs.

Defendant:
**TRAVEON DEONTE TAYLOR, KNIGHT TRANSPORTATION, INC., TRANSTAR
INSURANCE BROKERS; and JOHN DOE CORPORATIONS 1-3,**

For:
DANIEL SAXTON
SAXTON FIRM, P.C.

Received by Discrete Professional Services L. L. C. on the 1st day of October, 2021 at 8:18 am to be served on
**TRANSTAR INSURANCE BROKERS, INC. c/o REGISTERED AGENT: CORPORATION SERVICE COMPANY, 2
SUN COURT, SUITE 400, PEACHTREE CORNERS, GA 30092.**

I, MUHSIN S. HASSAN, being duly sworn, depose and say that on the **4th day of October, 2021** at **11:38 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS and COMPLAINT FOR DAMAGES and
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT TRANSTAR INSURANCE BROKERS, INC.
and PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT TRANSTAR INSURANCE BROKERS, INC. and RULE 5.2 CERTIFICATE OF
SERVICE OF DISCOVERY MATERIALS, CERTIFICATE OF SERVICE** to: Alisha Smith for The REGISTERED
AGENT, at the address of: **2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA 30092** on behalf of
**TRANSTAR INSURANCE BROKERS, INC.,** and informed said person of the contents therein, in compliance with
state statutes.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit. I have personal
knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral
turpitude in any state or federal jurisdiction.

**MUHSIN S. HASSAN**

Subscribed and Sworn to before me on this
____ day of OCTOBER, 20 21 , by the
affiant who is personally known to me or has show
acceptable identification.

NOTARY PUBLIC

**Discrete Professional Services L. L. C.**
P.O. Box 451081
Atlanta, GA 31145
(470) 454-3107

Our Job Serial Number: DIS-2021001016
Ref: HOOD v. TAYLOR, et.al.

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c

Copy from re:SearchGA

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07149-S4**
10/22/2021 10:10 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

**KASZIA HOOD**

Plaintiff/Petitioner

vs.

**TRAVEON DEONTE TAYLOR**

Defendant/Respondent

Case No.:     **21-C-07149-S4**

**AFFIDAVIT OF SERVICE OF**
**Summons; Complaint for Damages**

Received by **Charles Levens**, on the **14th day of October, 2021 at 11:21 AM** to be served upon **Traveon Deonte Taylor** at 3390 Saxton Dr, Apt. 1, Saginaw, Saginaw County, MI 48603.
On the **14th day of October, 2021 at 2:05 PM**, I, Charles Levens, SERVED Traveon Deonte Taylor at 713 N BOND ST, SAGINAW, Saginaw County, MI 48602 in the manner indicated below:

**INDIVIDUAL SERVICE**, by personally delivering 1 copy(ies) of the above-listed documents to **Traveon Deonte Taylor**.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Traveon Deonte Taylor with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black male contact 18-25 years of age, 5'6"-5'8" tall and weighing 140-160 lbs.**

Service Fee Total: $0.00

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____     Server ID # _____     Date 10/20/2021

Charles Levens

Notary Public: Subscribed and sworn before me on this _20_ day of _October_ in the year of 20_21_
Personally known to me _____ or __✓__ identified by the following document:

Number/Reference: _L 152 11 560387 1_
Type: _Drivers License_
Notary Public for State of: _Michigan_
Commission Expiration: _January 18, 2025_

_Paula K. Thayer_
Notary Public (Legal Signature)

PAULA K. THAYER
NOTARY PUBLIC, STATE OF MI
COUNTY OF GENESEE
MY COMMISSION EXPIRES Jan 18, 2025
ACTING IN COUNTY OF _Genesee_

**REF: REF-8886606**

Page 1 of 1
Tracking #: 0077694273

Copy from re:SearchGA

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

KASZIA HOOD,      )
           )
  Plaintiff,     )   CIVIL ACTION FILE
           )   NO. 21-C-07149-S4
v.          )
           )
TRAVEON DEONTE TAYLOR,  )
KNIGHT TRANSPORTATION, INC., )
TRANSTAR INSURANCE   )
BROKERS, INC., and JOHN DOE  )
CORPORATIONS 1-3,    )
           )
  Defendants.    )

**ANSWER AND DEFENSES OF DEFENDANT KNIGHT
TRANSPORTATION, INC. TO PLAINTIFF'S COMPLAINT**

COMES NOW defendant Knight Transportation, Inc. ("Knight") and answers

plaintiff's complaint as follows:

FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint,

Knight answers as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

2.

Responding to the allegations in this paragraph of the complaint, Knight admits Mr. Taylor was driving a tractor-trailer involved in the subject accident. Except as expressly admitted, Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

3.

Responding to the allegations in this paragraph of the complaint, Knight admits it is a corporation, its principal place of business is located at the stated address, and it may be served according to law. Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

4.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

5.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

5. [*sic*]

Knight denies the allegations in this paragraph of the complaint.

6.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

7.

Knight denies the allegations in this paragraph of the complaint.

## **FACTS**

8.

Knight incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

9.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

10.

Knight admits the allegations in this paragraph of the complaint.

11.

Responding to the allegations in this paragraph of the complaint, Knight admits plaintiff and Mr. Taylor were involved in a motor vehicle accident at or near the stated location. Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

12.

Knight denies the allegations in this paragraph of the complaint.

13.

Knight denies the allegations in this paragraph of the complaint.

14.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

15.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

16.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## **COUNT I – NEGLIGENCE**

17.

Knight incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

18.

Responding to the allegations in this paragraph of the complaint, Knight admits Mr. Taylor had a duty to follow applicable law.  Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

19.

Responding to the allegations in this paragraph of the complaint, Knight admits Mr. Taylor had a duty to follow applicable law.  Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

20.

Knight denies the allegations in this paragraph of the complaint.

21.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT II – NEGLIGENCE PER SE

22.

Knight incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

23.

Knight denies the allegations in this paragraph of the complaint, including those set forth in subparagraphs (a) through (g).

24.

Knight denies the allegations in this paragraph of the complaint.

## COUNT III – IMPUTABLE NEGLIGENCE

25.

Knight incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

26.

Responding to the allegations in this paragraph of the complaint, Knight admits Mr. Taylor was driving a tractor-trailer in the course and scope of his

employment with Knight at the time of the subject accident.  Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

27.

Responding to the allegations in this paragraph of the complaint, Knight admits the *respondeat superior* doctrine applies to plaintiff's claims of negligence against Mr. Taylor.  Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

28.

Responding to the allegations in this paragraph of the complaint, Knight admits it had a duty to follow applicable law.  Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

29.

Knight denies the allegations in this paragraph of the complaint.

30.

Responding to the allegations in this paragraph of the complaint, Knight admits it had a duty to follow applicable law.  Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

31.

Knight denies the allegations in this paragraph of the complaint.

32.

Responding to the allegations in this paragraph of the complaint, Knight admits it had a duty to follow applicable law. Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

33.

Knight denies the allegations in this paragraph of the complaint.

34.

Knight denies the allegations in this paragraph of the complaint.

35.

Responding to the allegations in this paragraph of the complaint, Knight admits it had a duty to follow applicable law. Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

36.

Knight denies the allegations in this paragraph of the complaint.

37.

Knight denies the allegations in this paragraph of the complaint.

38.

Knight denies the allegations in this paragraph of the complaint.

39.

Knight denies the allegations in this paragraph of the complaint.

40.

Knight denies the allegations in this paragraph of the complaint.

41.

Responding to the allegations in this paragraph of the complaint, Knight admits it had a duty to follow applicable law.  Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

42.

Knight denies the allegations in this paragraph of the complaint.

43.

Knight denies the allegations in this paragraph of the complaint.

44.

Knight denies the allegations in this paragraph of the complaint.

## COUNT IV – DIRECT ACTION

45.

Knight incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

46.

Knight denies the allegations in this paragraph of the complaint.

47.

Knight denies the allegations in this paragraph of the complaint.

48.

Knight denies the allegations in this paragraph of the complaint.

49.

Knight denies the allegations in this paragraph of the complaint.

## COUNT III [*sic*] – PUNITIVE DAMAGES

50.

Knight incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

51.

Knight denies the allegations in this paragraph of the complaint.

52.

Knight denies the allegations in this paragraph of the complaint.

53.

Knight denies the allegations in this paragraph of the complaint.

54.

Knight denies the allegations in this paragraph of the complaint.

## COUNT III [*sic*] – DAMAGES

55.

Knight incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

56.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

57.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

58.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

59.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

60.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

61.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

62.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

63.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

64.

Knight denies the allegations in this paragraph of the complaint.

## **PRAYER FOR RELIEF**

65.

Responding to the allegations in the unnumbered paragraph which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including

subparagraphs (a) through (f), Knight denies plaintiff is entitled to any relief from defendants under any theory, at law or in equity.

66.

Except as expressly admitted or otherwise responded to, Knight denies all allegations in the complaint.

## THIRD DEFENSE

Defendants did not breach any duty owed to plaintiff.

## FOURTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## FIFTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by defendants caused or contributed to the incident described in the complaint.

## SIXTH DEFENSE

The imposition of punitive damages against defendants would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## SEVENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this lawsuit, to the United States and Georgia Constitutions, and the imposition of punitive damages against defendants in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## EIGHTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud,

illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, and waiver.

## NINTH DEFENSE

Defendants reserve the right to plead additional defenses as become known to them through investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, Knight prays as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants
Traveon Deonte Taylor;

-15-

Knight Transportation, Inc.; and
Transtar Insurance Brokers, Inc.

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**KNIGHT DEMANDS A TRIAL BY JURY OF TWELVE**

-16-

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing *ANSWER AND DEFENSES OF DEFENDANT KNIGHT TRANSPORATION, INC. TO PLAINTIFF'S COMPLAINT* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Daniel J. Saxton, Esq.
> Donte B. Grant, Esq.
> SAXTON FIRM, P.C.
> 1995 North Park Place, SE, Suite 207
> Atlanta, GA 30339

This 1st day of November, 2021.

> /s/ Matthew P. Stone
> Matthew P. Stone
> Georgia Bar No. 684513

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**21-C-07149-S**
**11/1/2021 2:07 PI**
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

KASZIA HOOD,                          )
                                      )
       Plaintiff,                     )        CIVIL ACTION FILE
                                      )        NO. 21-C-07149-S4
v.                                    )
                                      )
TRAVEON DEONTE TAYLOR,                )
KNIGHT TRANSPORTATION, INC.,          )
TRANSTAR INSURANCE                    )
BROKERS, INC., and JOHN DOE           )
CORPORATIONS 1-3,                     )
                                      )
       Defendants.                    )

**ANSWER AND DEFENSES OF DEFENDANT TRANSTAR
INSURANCE BROKERS, INC. TO PLAINTIFF'S COMPLAINT**

COMES NOW defendant Transtar Insurance Brokers, Inc. ("Transtar"), by

way of special appearance, without waiving and specifically reserving all defenses

related to service and jurisdiction, and answers plaintiff's complaint as follows:

FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint,

Transtar answers as follows:

## **PARTIES, JURISDICTION, AND VENUE**

1.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

2.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

3.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

4.

Responding to the allegations in this paragraph of the complaint, Transtar admits it is a corporation, its principal place of business is located at the stated address, and it may be served according to law.  Except as expressly admitted, Transtar denies the allegations in this paragraph of the complaint.

5.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

5. [*sic*]

Transtar denies the allegations in this paragraph of the complaint.

6.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

7.

Transtar denies the allegations in this paragraph of the complaint.

## FACTS

8.

Transtar incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

9.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

10.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

11.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

12.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

13.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

14.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

15.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

16.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT I – NEGLIGENCE

### 17.

Transtar incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 18.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 19.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 20.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 21.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT II – NEGLIGENCE PER SE

### 22.

Transstar incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 23.

Transstar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint, including those set forth in subparagraphs (a) through (g).

### 24.

Transstar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT III – IMPUTABLE NEGLIGENCE

### 25.

Transstar incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 26.

Transstar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

27.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

28.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

29.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

30.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

31.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

32.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

33.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

34.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

35.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

36.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

37.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

38.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

39.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

40.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

41.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

42.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

43.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

44.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT IV – DIRECT ACTION

### 45.

Transtar incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 46.

Transtar denies the allegations in this paragraph of the complaint.

### 47.

Transtar denies the allegations in this paragraph of the complaint.

### 48.

Transtar denies the allegations in this paragraph of the complaint.

### 49.

Transtar denies the allegations in this paragraph of the complaint.

## COUNT III [*sic*] – PUNITIVE DAMAGES

### 50.

Transtar incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 51.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

52.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

53.

Transtar denies the allegations in this paragraph of the complaint.

54.

Transtar denies the allegations in this paragraph of the complaint.

## COUNT III [*sic*] – DAMAGES

55.

Transtar incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

56.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

57.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

58.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

59.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

60.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

61.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

62.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

63.

Transtar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

64.

Transtar denies the allegations in this paragraph of the complaint.

**PRAYER FOR RELIEF**

65.

Responding to the allegations in the unnumbered paragraph which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including subparagraphs (a) through (f), Transtar denies plaintiff is entitled to any relief from defendants under any theory, at law or in equity.

66.

Except as expressly admitted or otherwise responded to, Transtar denies all allegations in the complaint.

THIRD DEFENSE

This Court lacks personal jurisdiction over Transtar.

FOURTH DEFENSE

Transtar is an improper party to this action.

FIFTH DEFENSE

Defendants did not breach any duty owed to plaintiff.

## SIXTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## SEVENTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by defendants caused or contributed to the incident described in the complaint.

## EIGHTH DEFENSE

The imposition of punitive damages against defendants would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## NINTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this lawsuit, to the United States and Georgia Constitutions, and the imposition of punitive damages against defendants in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate

the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

TENTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, and waiver.

ELEVENTH DEFENSE

Defendants reserve the right to plead additional defenses as become known to them through investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, Transtar prays as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against

plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just

and proper.

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants
Traveon Deonte Taylor;
Knight Transportation, Inc.; and
Transtar Insurance Brokers, Inc.

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**TRANSTAR DEMANDS A TRIAL BY JURY OF TWELVE**

-16-

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing *ANSWER AND DEFENSES OF DEFENDANT TRANSTAR INSURANCE BROKERS, INC. TO PLAINTIFF'S COMPLAINT* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Daniel J. Saxton, Esq.
> Donte B. Grant, Esq.
> SAXTON FIRM, P.C.
> 1995 North Park Place, SE, Suite 207
> Atlanta, GA 30339

This 1st day of November, 2021.

> */s/ Matthew P. Stone*
> Matthew P. Stone
> Georgia Bar No. 684513

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**21-C-07149-S**
**11/1/2021 2:07 PI**
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

KASZIA HOOD,                                )
                                            )
    Plaintiff,                             )        CIVIL ACTION FILE
                                            )        NO. 21-C-07149-S4
v.                                          )
                                            )
TRAVEON DEONTE TAYLOR,                      )
KNIGHT TRANSPORTATION, INC.,                )
TRANSTAR INSURANCE                          )
BROKERS, INC., and JOHN DOE                 )
CORPORATIONS 1-3,                           )
                                            )
    Defendants.                            )

## ANSWER AND DEFENSES OF DEFENDANT
## TRAVEON DEONTE TAYLOR TO PLAINTIFF'S COMPLAINT

COMES NOW defendant Traveon Deonte Taylor, by way of special appearance, without waiving and specifically reserving all defenses related to service and jurisdiction, and answers plaintiff's complaint as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint, Mr. Taylor answers as follows:

## PARTIES, JURISDICTION, AND VENUE

### 1.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 2.

Responding to the allegations in this paragraph of the complaint, Mr. Taylor admits he was driving a tractor-trailer involved in the subject accident, is a resident of Michigan, and can be served according to law.  Except as expressly admitted, Mr. Taylor denies the allegations in this paragraph of the complaint.

### 3.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 4.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 5.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

-2-

5. [*sic*]

Mr. Taylor denies the allegations in this paragraph of the complaint.

6.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

7.

Mr. Taylor denies the allegations in this paragraph of the complaint.

## **FACTS**

8.

Mr. Taylor incorporates his responses to the foregoing paragraphs of the complaint as if fully set forth herein.

9.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

10.

Mr. Taylor admits the allegations in this paragraph of the complaint.

11.

Responding to the allegations in this paragraph of the complaint, Mr. Taylor admits he and plaintiff were involved in a motor vehicle accident at or near the stated

location.  Except as expressly admitted, Mr. Taylor denies the allegations in this paragraph of the complaint.

12.

Mr. Taylor denies the allegations in this paragraph of the complaint.

13.

Mr. Taylor denies the allegations in this paragraph of the complaint.

14.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

15.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

16.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT I – NEGLIGENCE

17.

Mr. Taylor incorporates his responses to the foregoing paragraphs of the complaint as if fully set forth herein.

-4-

18.

Responding to the allegations in this paragraph of the complaint, Mr. Taylor admits he had a duty to follow applicable law.  Except as expressly admitted, Mr. Taylor denies the allegations in this paragraph of the complaint.

19.

Responding to the allegations in this paragraph of the complaint, Mr. Taylor admits he had a duty to follow applicable law.  Except as expressly admitted, Mr. Taylor denies the allegations in this paragraph of the complaint.

20.

Mr. Taylor denies the allegations in this paragraph of the complaint.

21.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT II – NEGLIGENCE PER SE

22.

Mr. Taylor incorporates his responses to the foregoing paragraphs of the complaint as if fully set forth herein.

23.

Mr. Taylor denies the allegations in this paragraph of the complaint, including those set forth in subparagraphs (a) through (g).

24.

Mr. Taylor denies the allegations in this paragraph of the complaint.

## COUNT III – IMPUTABLE NEGLIGENCE

25.

Mr. Taylor incorporates his responses to the foregoing paragraphs of the complaint as if fully set forth herein.

26.

Responding to the allegations in this paragraph of the complaint, Mr. Taylor admits he was driving a tractor-trailer in the course and scope of his employment with Knight Transportation, Inc. at the time of the subject accident. Except as expressly admitted, Mr. Taylor denies the allegations in this paragraph of the complaint.

27.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

28.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

29.

Mr. Taylor denies the allegations in this paragraph of the complaint.

30.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

31.

Mr. Taylor denies the allegations in this paragraph of the complaint.

32.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

33.

Mr. Taylor denies the allegations in this paragraph of the complaint.

34.

Mr. Taylor denies the allegations in this paragraph of the complaint.

35.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

36.

Mr. Taylor denies the allegations in this paragraph of the complaint.

37.

Mr. Taylor denies the allegations in this paragraph of the complaint.

38.

Mr. Taylor denies the allegations in this paragraph of the complaint.

39.

Mr. Taylor denies the allegations in this paragraph of the complaint.

40.

Mr. Taylor denies the allegations in this paragraph of the complaint.

41.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

42.

Mr. Taylor denies the allegations in this paragraph of the complaint.

43.

Mr. Taylor denies the allegations in this paragraph of the complaint.

44.

Mr. Taylor denies the allegations in this paragraph of the complaint.

## COUNT IV – DIRECT ACTION

45.

Mr. Taylor incorporates his responses to the foregoing paragraphs of the complaint as if fully set forth herein.

46.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

47.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

48.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

**49.**

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### COUNT III[*sic*] – PUNITIVE DAMAGES

**50.**

Mr. Taylor incorporates his responses to the foregoing paragraphs of the complaint as if fully set forth herein.

**51.**

Mr. Taylor denies the allegations in this paragraph of the complaint.

**52.**

Mr. Taylor denies the allegations in this paragraph of the complaint.

**53.**

Mr. Taylor denies the allegations in this paragraph of the complaint.

**54.**

Mr. Taylor denies the allegations in this paragraph of the complaint.

### COUNT III [*sic*] – DAMAGES

**55.**

Mr. Taylor incorporates his responses to the foregoing paragraphs of the complaint as if fully set forth herein.

56.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

57.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

58.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

59.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

60.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

61.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

62.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

63.

Mr. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

64.

Mr. Taylor denies the allegations in this paragraph of the complaint.

## **PRAYER FOR RELIEF**

65.

Responding to the allegations in the unnumbered paragraph which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including subparagraphs (a) through (f), Mr. Taylor denies plaintiff is entitled to any relief from defendants under any theory, at law or in equity.

66.

Except as expressly admitted or otherwise responded to, Mr. Taylor denies all allegations in the complaint.

## THIRD DEFENSE

This Court lacks personal jurisdiction over Mr. Taylor.

## FOURTH DEFENSE

There has been an insufficiency of process as to Mr. Taylor; therefore, this Court lacks personal jurisdiction over him.

## FIFTH DEFENSE

There has been an insufficiency of service of process as to Mr. Taylor; therefore, this Court lacks personal jurisdiction over him.

## SIXTH DEFENSE

Defendants did not breach any duty owed to plaintiff.

## SEVENTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## EIGHTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by defendants caused or contributed to the incident described in the complaint.

## NINTH DEFENSE

The imposition of punitive damages against defendants would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## TENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this lawsuit, to the United States and Georgia Constitutions, and the imposition of punitive damages against defendants in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## ELEVENTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud,

illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, and waiver.

TWELFTH DEFENSE

Defendants reserve the right to plead additional defenses as become known to them through investigation and discovery.

WHEREFORE, having fully listed his defenses and having fully answered the complaint, Mr. Taylor prays as follows:

(a)    That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)    That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants
Traveon Deonte Taylor;

-15-

Knight Transportation, Inc.; and
Transtar Insurance Brokers, Inc.

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**MR. TAYLOR DEMANDS A TRIAL BY JURY OF TWELVE**

-16-

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing *ANSWER AND DEFENSES OF DEFENDANT TRAVEON DEONTE TAYLOR TO PLAINTIFF'S COMPLAINT* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Daniel J. Saxton, Esq.
> Donte B. Grant, Esq.
> SAXTON FIRM, P.C.
> 1995 North Park Place, SE, Suite 207
> Atlanta, GA 30339

This 1st day of November, 2021.

> */s/ Matthew P. Stone*
> Matthew P. Stone
> Georgia Bar No. 684513

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

FILED IN OFFICE  
CLERK OF STATE COURT  
GWINNETT COUNTY, GEORGI  
**21-C-07149-S**  
**11/1/2021 2:07 PI**  
**TIANA P. GARNER, CLER**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| KASZIA HOOD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 21-C-07149-S4 |
| v. | ) | |
| | ) | |
| TRAVEON DEONTE TAYLOR, | ) | |
| KNIGHT TRANSPORTATION, INC., | ) | |
| TRANSTAR INSURANCE | ) | |
| BROKERS, INC., and JOHN DOE | ) | |
| CORPORATIONS 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## DEMAND FOR JURY OF TWELVE

COMES NOW defendants Traveon Deonte Taylor; Knight Transportation, Inc.; and Transtar Insurance Brokers, Inc. (collectively, "these defendants") and, pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123, demand that this action be tried by a jury of twelve. In support of this demand, these defendants reasonably believe plaintiff's claim for damages is greater than $25,000 and state this demand is made before the commencement of the trial term in which this case is to be tried.

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227

Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants
Traveon Deonte Taylor;
Knight Transportation, Inc.; and
Transtar Insurance Brokers, Inc.

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing *Demand for Jury of Twelve* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Daniel J. Saxton, Esq.
> Donte B. Grant, Esq.
> SAXTON FIRM, P.C.
> 1995 North Park Place, SE, Suite 207
> Atlanta, GA 30339

This 1st day of November, 2021.

> /s/ Matthew P. Stone
> Matthew P. Stone
> Georgia Bar No. 684513

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)